IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Teresa J. Taylor, | Case No. 3:07 CV 3212 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| David M. Brown, et al., | |
| Defendants. | |

*Pro se* Plaintiff Teresa Taylor brings this *in forma pauperis* action against Defendants David Brown, Lima City Police, and Lima City Prosecutor David Geiger. Taylor asserts this Court has jurisdiction based on claimed violations of civil rights and criminal statutes, as well as violations of her Fourth, Sixth, Eighth and Fourteenth Amendment rights. She seeks $10 million in damages from the City of Lima, $1 million from Brown and an order donating an equal sum to the Adam Walsh Foundation. For the reasons set forth below, this action is dismissed.

## BACKGROUND

Taylor alleges she and her dependent "child{ren}" were physically and sexually abused from November 1989 until November 2006. The specific dates on which any of these acts occurred during this seventeen year period are not provided. She further alleges these acts were reported to the Lima City Police Department (LCPD), which not only "refused to take the report that she had been raped and a victim of domestic violence," but instead advised her either nothing could be done or "falsly [sic] arresting" her as the alleged abuser (Complaint ¶ 1). Further, she alleges that despite "witnesses and evidence," Prosecutor Geiger refused to prosecute her abusers.

Most of the alleged incidents of assault involved Defendant Brown, whom she describes as a friend of her ex-husband who "works undercover for the Allen County Sheriffs Dept." (Complaint ¶ 1). She adds that "Brown did not reside with the plaintiff, but used her as a cover residence" (Complaint ¶ 1).

In 2006, Taylor "saw the uniformed officer at the Lima Public Library," and was told there was (Complaint ¶ 1):

> no crime agasint [sic] a person who rpaed [sic] her at the age of 14 and 15 because the legal age was 13 . . .. The palinitff [sic] was told it was not against the law by the LCPD for Mr. Brown to strike her 3 year old child, or to break into her home in the middle of the night being high on crack cocaine, another female officer told her it was the plainitffs [sic] fault he raped her. . .. [T]he plainitff [sic] was violently attacked on several occasions by her husbnd [sic] and other violent people, and when the plainitff [sic] phoned the police, the plainitff [sic] was arrested and taken to jail.

Finally, Taylor claims at some point she was a ward of the State of Ohio and suffers from "extreme mental illness (Anorexia) and memory insufficiencies, and post traumatic stress disorder" (Complaint ¶ 1).

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Further, a claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory Section 1983 claim dismissed).

### CIVIL RIGHTS CLAIMS

Liberally construing this as a civil rights complaint, the Court cannot identify a valid claim for relief. To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *Id.* at 146-47. Thus, "[t]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Id.* at 140; *Cash v. Hamilton*

3

*County Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004) ("[F]irst ask whether the plaintiff has asserted the deprivation of a right guaranteed by the Constitution or federal law.")

### CONSTITUTIONAL VIOLATIONS

On the face page of the Complaint, Taylor makes a notation beside each constitutional claim she is asserting as a basis for her civil rights claim, indicating what each amendment protects or provides. These notations are conclusory with no factual basis.

"[S]earches and seizures inside a home without a warrant are presumptively unreasonable" under the Fourth Amendment. *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)). The Supreme Court recently held, however, that "[l]aw enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury, without violating the Fourth Amendment." *Brigham City, Utah v. Stuart*, __U.S.__,126 S. Ct. 1943, 1948 (2006). There is no allegation in the Complaint that the Lima Police entered Taylor's home without a warrant, or that they performed an unreasonable search and seizure. Instead, Taylor makes general accusations of being in imminent danger when she contacted the police, thus giving them cause to enter her home without a warrant. These allegations do not state a violation of the Fourth Amendment.

Taylor has similarly failed to set forth valid claims with regard to the Sixth, Eighth or Fourteenth Amendments. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." Taylor's claim that the prosecutor had sufficient evidence to prosecute Brown does not invoke the protection of the Sixth Amendment.

4

Taylor's claim of an Eighth Amendment violation must be dismissed because her claims, even if true, do not constitute a violation. The Eighth Amendment protects prisoners from cruel and unusual punishment. Because Taylor never alleges she was a prisoner and has not set forth a formal adjudication of guilt brought against her, the Eighth Amendment does not apply. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

With regard to her Fourteenth Amendment claims, Taylor alleges violations of equal protection, due process and a deprivation of her life, liberty and property. However, these allegations appear to stem from Taylor's criminal prosecution, not the alleged failure to arrest Brown. Taylor is alleging selective prosecution, which she was free to pursue at the pretrial stage of any criminal action. *See United States v. Hazel*, 696 F.2d 473, 475 (1983).[1]

The Due Process Clause does not prohibit all governmental deprivation of individuals' life, liberty or property interests. In order to determine whether a due process violation has occurred, the court must first inquire into the nature of the interest claimed to determine whether it is within the contemplation of the Constitution's "liberty or property" language. *See Morrissey v. Brewer*, 408 U.S.

---

[1] It has been held that a defendant asserting selective prosecution:

> bears the heavy burden of establishing, at least prima facie, (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights.

*United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). This test has been recognized in a majority of circuits including the Sixth Circuit. *United States v. Cooper*, 577 F.2d 1079, 1086 (6th Cir.), *cert. denied*, 439 U.S. 868 (1978); *United States v. Legget & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976), *cert. denied*, 430 U.S. 945 (1977).

471, 481 (1972). In order to have a protectable right, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). In this case, while Taylor challenges the failure to arrest and prosecute her alleged abusers (and only indirectly her own), this is not a matter in which she enjoys a protected liberty interest.

## PROSECUTORIAL IMMUNITY

Notwithstanding her failure to assert a constitutional claim, any claim against the City Prosecutor based on Taylor's beliefs would be barred by the doctrine of prosecutorial immunity. The principle extends to "a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.), *cert. denied*, 522 U.S. 996 (1997)). Therefore, Geiger is immune from suit as a prosecuting attorney.

## CONCLUSION

In light of the foregoing, while liberally construing the Complaint, the Court finds no allegations reasonably suggesting Taylor has a valid federal claim against Defendants. The various Motions filed by Plaintiff (Doc. Nos. 2, 3, 4 and 5) are therefore denied as moot. Further, this action is dismissed under § 1915(e) and, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 10, 2008